IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PEOPLE OF STATE OF CALIFORNIA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV-F-10-673 OWW/GSA<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S PETITION FOR REMOVAL AND REMANDING ACTION TO STATE COURT |
| Plaintiff/ Respondent, | | |
| vs. | | |
| LAWRENCE CARDOZA, | | |
| Defendant/ Petitioner. | | |

On April 1, 2010, Petitioner Lawrence Cardoza, the defendant in the criminal action in the Kings County Superior Court, Nos. 07 CM 7118 and 09 CM 2771, filed a Petition for Removal of the criminal actions to this Court.

28 U.S.C. § 1443 provides in pertinent part that a criminal action may be removed by the defendant

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United

1

        States, or of all persons within the jurisdiction thereof;

        (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Pursuant to 28 U.S.C. § 1446(c)(1),

        A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in State Court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant ... leave to file the notice at a later time.

    Petitioner asserts several grounds for removal:

        1.  My attempts and ability to exercise my Sixth Amendment right to adequate legal counsel have been nullified due to ineffective assistance of counsel (Hugo Gomez-Vidal) not being ready for the precedinas [sic] on the Court Calendar and telling blatant lies to the Court which prejudiced the Court further hindering my ability to move my case forward;

        2.  My attempts and ability to exercise my Fourteenth Amendment right to adequate Due Process and Equal Protection under the Laws continue to be thwarted and nullified by the deliberate acts of Correctional Staff obstructing my efforts to develop an advisarial [sic] defense through the investigation of the Correctional Staff in question;

        3.  My attempts and ability to exercise my First and Fourteenth Amendment right to petition the government for a redress of grievances had been severly inhibited by teh unprofessional conduct of the 'Trial Court' Judge  T. DeSantos in his continual and blatant obstruction of my Motions before teh Court.   (Exhibit A Judicial Complaint)

<u>**Pitchess Motion**</u>

> Defendant requested records of four Correctional Officers but was only provided two.  The other two Correctional Officer's [sic] who's [sic] records were withheld were the prymary [sic] subjects in question but Judge De Santo's [sic] ignored the request for continuance to obtain these records.

<u>**Motion To Compell [sic]**</u>

> Defendants [sic] Motion to Compell [sic] was also mishandled in that the material requested was never provided.  The evidence would have exposed the extent to which Correctional Officers beat the Defendant.

**Petitioner asserts upon information and belief:**

> I have come to understand that the element which is the spawn of this abuse and miscarrige of justice is racially motivated and the exact type of egregious misconduct of staff which Corcoran State Prison and Kings County is known for.  It has also come to my attention that it is a common practice of Correctional Staff at Corcoran State Prison to set inmates up on false charges as a diversionary tactic to hide the assaults batteries and abuse [sic] that they themselves inflict on the Inmate Population.

With respect to removal under Section 1443, the Ninth Circuit explains in *People v. Sandoval*, 434 F.2d 635 (9th Cir. 1970), *cert. denied*, 402 U.S. 909 (1971):

> The Supreme Court ... has given section 1443 a restrictive interpretation.  In two related cases in 1966, Georgia v. Rachel, 384 U.S. 780 ... and Greenwood v. Peacock, 384 U.S 808 ..., the Court set out the narrow parameters of this right.  All petitions for removal must satisfy two criteria: First, the petitioners must assert, as a defense to the

>           prosecution, rights that are given to them by
>           explicit statutory enactment protecting equal
>           racial civil rights ... Second, petitioners
>           must assert that the state courts will not
>           enforce that right, and that allegation must
>           be supported by reference to a state statute
>           or a constitutional provision that purports
>           to command the state courts to ignore federal
>           rights.  Bad experiences with the particular
>           court in question will not suffice ....

Here, Petitioner fails to make the showing required by *Sandoval*.  Petitioner makes no reference to a state statute or constitutional provision that commands the state court to ignore federal rights.  Consequently, this action is **REMANDED** to the Kern County Superior Court pursuant to Section 1446(c)(4).

IT IS SO ORDERED.

Dated:   April 30, 2010                  /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE